546 P.2d 796

**STATE of Arizona, Appellee,**

v.

**Marcos Anthony ORTIZ, Appellant.**

**No. 3286–PR.**

Supreme Court of Arizona,
En Banc.

Feb. 25, 1976.

Rehearing Denied March 30, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schaefer, III, and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Karen Zizmor, Asst. Public Defender, Tucson, for appellant.

HAYS, Justice.

Appellant, Marcos Anthony Ortiz, was convicted of exhibiting a deadly weapon not in self-defense and was sentenced to serve not less than 5 nor more than 10 years in the Arizona State Prison. Appellant was subsequently convicted of possession of a pistol by a criminal at a separate trial which was scheduled as a result of the granting of appellant's motion to sever. He was sentenced on the second conviction to serve not less than 4 nor more than 5 years in the Arizona State Prison, the sentence to run concurrently with the first sentence. The Court of Appeals affirmed both convictions and the sentences thereon. This court granted appellant's petition for review. The opinion of the Court of Appeals is vacated. *State v. Ortiz*, 24 Ariz.App. 192, 537 P.2d 29 (1975).

On October 8, 1974, appellant was a passenger in an automobile driven by a William Donnini. He sat on the front seat next to the passenger-side door. Pat Niemczyk, the third occupant of the car, sat between appellant and Donnini. An officer of the Pima County Sheriff's Department approached appellant's side of the vehicle in order to consummate a heroin purchase with Pat Niemczyk. An argument ensued between the officer and appellant, at which time appellant allegedly twice drew a pistol on the officer. The incident was witnessed by a second officer

who was seated in a truck parked across the street from the vehicle occupied by Ortiz.

Appellant presents two questions on appeal:

1. Was the trial court in error in precluding the two defense witnesses from testifying?

2. Was appellant's conviction and sentencing on the charge of possession of a pistol by a criminal double punishment in violation of A.R.S. § 13–1641?

Appellant's first issue relates to the trial courts' ruling in both trials which precluded appellant from calling either William Donnini or Pat Niemczyk as witnesses. Both trial courts based their rulings on the fact that each witness would invoke his or her Fifth Amendment privilege to remain silent in response to certain questions posed by the prosecutor, thereby precluding cross-examination on that particular question.

In *State v. Cota*, 102 Ariz. 416, 432 P.2d 428 (1967), the defense objected to the calling of the codefendant Valenzuela by the prosecution as a witness, with the knowledge of the witness's intention to invoke his Fifth Amendment privilege against self-incrimination. In *Cota* the defense argued that the codefendant Valenzuela's testimony was more prejudicial than probative and should not have been presented to the jury. Valenzuela did in fact invoke his Fifth Amendment privilege after answering a number of questions. This court held:

"There could have been no testimony more material to the prosecution of this case than that of Valenzuela. Further, since the privilege against self-incrimination is a personal immunity for the witness and does not disqualify him from being called, we cannot conclude otherwise but that, regardless of its reason to believe that Valenzuela would choose to invoke the privilege against self-incrimination, the state had the right to show that it was presenting all the relevant evidence at its disposal in order to prove its theory of the case." *State v. Cota*, 102 Ariz. at 421, 432 P.2d at 433.

We are not persuaded that there is any less compulsion for allowing the defense also to present all relevant evidence at its disposal. On the contrary, the defendant's right to call witnesses in his favor is guaranteed under the Sixth Amendment to the United States Constitution. *See Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). In that case, the Supreme Court, in quoting an earlier opinion, stated:

" '[T]he conviction of our time that the truth is more likely to be arrived at by hearing the testimony of all persons of competent understanding who may seem to have knowledge of the facts involved in a case, leaving the credit and weight of such testimony to be determined by the jury or by the court * * *.' *Rosen v. United States*, 245 U.S. 467, 471, 38 S.Ct. 148, 150, 62 L.Ed. 406" *Washington v. Texas*, 388 U.S. at 22, 87 S.Ct. at 1924.

We hold that the defense must be permitted to question both Donnini and Niemczyk in the presence of the jury regardless of the fact that they may choose to invoke their Fifth Amendment privilege.

Appellant next argues that the same set of facts supports both charges, and as a result appellant cannot be punished for both in accord with A.R.S. § 13–1641. We previously addressed this question exhaustively in *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971). In that case we recognized an "identical elements" test for determining whether two or more charges are based on the same acts. To apply the test we must eliminate the elements in one charge and determine whether the facts left would support the other charge. The facts supporting the charge of exhibiting a deadly weapon not in self-defense are that defendant drew a pistol

**62**

and pointed it at the agent. Without these facts there is enough evidence in the record to show that defendant possessed a pistol and that he had previously been convicted of burglary. There appears to be no violation of A.R.S. § 13–1641. The possession violation obviously had occurred and was present prior to the exhibiting offense.

Judgment and sentence reversed on Counts 1 and 2 of the indictment; remanded for new trials.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.