IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,      )
                           )      2 CA-CR 2005-0026
              Appellee,    )      DEPARTMENT A
                           )
         v.                )      O P I N I O N
                           )
PETER DAMIEN KEITH,        )
                           )
              Appellant.   )
_____)

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20042396

Honorable Frank Dawley, Judge Pro Tempore

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Diane Leigh Hunt                    Tucson
                                              Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender
  By Stephan J. McCaffery                                    Tucson
                                              Attorneys for Appellant

H O W A R D, Presiding Judge.

¶1        After a jury trial, appellant Peter Keith was convicted of aggravated assault of

a police officer and sentenced to an enhanced, presumptive 3.75-year prison term.  On

appeal, he contends he was entitled to a jury trial on his prior convictions and that his

double jeopardy rights were violated because the court found he had prior convictions after the jury was dismissed. Because he does not have the right to have a jury determine prior convictions and double jeopardy principles do not apply to the prior conviction determination, we affirm.

## PRIOR CONVICTIONS

¶2 Keith first argues that the trial court erred by enhancing his sentences based on prior convictions not found by a jury beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Because Keith did not object on this ground below, we review solely for fundamental error. *See State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005). Fundamental error is error that deprives a defendant of a right essential to his or her defense and of a fair trial or that goes to the very foundation of the defendant's theory of the case. *State v. Siddle*, 202 Ariz. 512, ¶ 4, 47 P.3d 1150, 1153 (App. 2002).

¶3 Keith argues that the Supreme Court's analysis in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), "cannot withstand *Apprendi*'s constitutional analysis" and that *Apprendi* requires that the fact of a prior conviction be submitted to a jury and found beyond a reasonable doubt. But *Apprendi* expressly exempts prior convictions from the requirement of a jury trial: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362-63, 147 L. Ed. 2d at 455 (emphasis added);

2

*see also Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004); *accord United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004) (citing widespread agreement among federal circuit courts that *Blakely* preserves exception for prior convictions). In reliance on these cases, our supreme court has recognized the prior convictions exception in the capital and non-capital contexts. *See, e.g, State v. Fell*, 210 Ariz. 554, ¶¶ 8-9, 115 P.3d 594, 597 (2005); *State v. Ring*, 204 Ariz. 534, ¶ 55, 65 P.3d 915, 937 (2003). We are not allowed to anticipate how the Supreme Court may rule in the future. *See Myers v. Reeb*, 190 Ariz. 341, 343, 947 P.2d 915, 917 (App. 1997); *see also State v. Eichorn*, 143 Ariz. 609, 613, 694 P.2d 1223, 1227 (App. 1984) ("Whether prior decisions of the Arizona Supreme Court are to be disaffirmed is a question for that court.").

## DOUBLE JEOPARDY

**¶4**       Keith next argues that the double jeopardy clause of the federal constitution prohibited the state from proving his prior convictions, which he claims are additional offense elements under *Apprendi*, after the jury was dismissed. He argues that the holding of *Monge v. California*, 524 U.S. 721, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998), which excepts noncapital sentencing proceedings from double jeopardy clause protection, "cannot withstand the analysis of *Apprendi* and its progeny." Because Keith did not object on this ground below, we review solely for fundamental error. *Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607.

**¶5**       The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb."

3

U.S. Const. amend. V. This guarantee protects against successive prosecution for the same offense after acquittal or conviction, and against multiple punishments for the same offense. *United States v. Dixon*, 509 U.S. 688, 695-96, 113 S. Ct. 2849, 2855-56, 125 L. Ed. 2d 556, 567-68 (1993).

¶6 In *Monge*, the United States Supreme Court held that the Double Jeopardy Clause does not preclude retrial on a prior conviction allegation in the noncapital sentencing context, even after a reversal based on insufficient evidence. 524 U.S. at 728-29, 118 S. Ct. at 2250-51, 141 L. Ed. 2d at 623-24. The *Apprendi* court acknowledged *Monge* and expressly recognized its continuing validity. *See Apprendi*, 530 U.S. at 488 n.14, 120 S. Ct. at 2362 n.14, 147 L. Ed. 2d at 454 n.14; *see also United States v. Corrado*, 286 F.3d 934, 939 (6th Cir. 2002) (stating that *Apprendi* did not overrule *Monge*). Accordingly, *Apprendi* did not expressly or impliedly overrule *Monge*. Furthermore, Keith had no right to a jury trial on his prior convictions so the dismissal of the jury was irrelevant to any double jeopardy issue.

¶7 Keith further argues that the "functionalist approach to defining offense elements," adopted in *Blakely*, indicates that the Supreme Court no longer approves of *Monge*. But in *Blakely*, the court continued the exception for proof of prior convictions based on *Almendarez-Torres*. *Blakely*, 542 U.S. at 322, 124 S. Ct. at 2548. In *Almendarez-Torres*, the Supreme Court approved of a bifurcated procedure in which the court accepted the defendant's guilty plea pursuant to a plea agreement and later determined the existence of prior convictions. 523 U.S. at 226-27, 118 S. Ct. at 1222, 140 L. Ed. 2d

4

at 357. The same principles would apply to this situation in which a jury had determined guilt. *Aragon v. Wilkinson ex rel. County of Maricopa*, 209 Ariz. 61, ¶ 7, 97 P.3d 886, 889 (App. 2004) ("[I]f the court accepts the guilty plea, jeopardy attaches . . . ."). Because the Supreme Court has excepted prior convictions from inclusion as elements of the offense under *Apprendi*, we see nothing in *Apprendi* or *Blakely* that disapproves of this bifurcated approach approved in *Almendarez-Torres* under which the existence of prior convictions is determined after conviction. Moreover, both the United States Supreme Court and the Arizona Supreme Court have previously rejected the broader argument that double jeopardy principles require the state to prove a defendant's prior felony convictions to the same jury that determined the underlying substantive offense. *Oyler v. Boles*, 368 U.S. 448, 452, 82 S. Ct. 501, 503-04, 7 L. Ed. 2d 446, 450 (1962); *State ex rel. Neely v. Sherrill*, 168 Ariz. 472, 474-75, 815 P.2d 396, 401-02 (1991). Pursuant to controlling precedent, double jeopardy does not attach to the court's determination of Keith's prior convictions. We find no error, fundamental or otherwise.

**¶8**        We affirm Keith's conviction and sentence.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:

_____
J. WILLIAM BRAMMER, JR., Judge

_____
PETER J. ECKERSTROM, Judge