NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT MILLANES, *Appellant.*

No. 1 CA-CR 13-0421

FILED 07-22-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2012-128512-001
The Honorable Phemonia L. Miller, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maurice Portley joined.

---

**G O U L D**, Judge:

¶1            Robert Millanes ("Defendant") appeals from his conviction and sentence for four counts of Aggravated DUI in violation of Arizona Revised Statutes ("A.R.S.") sections 28-1383(A)(1) and (2).  Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief *in propria persona*, and has done so raising several issues.

¶2            Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1) (West 2014).[1]  Finding no reversible error, we affirm.

**Facts and Procedural History[2]**

¶3            Defendant was arrested on May 31, 2012, on suspicion of driving while under the influence of alcohol.  Around 3:30 in the afternoon, Raul Rios, a driver who sets up barricades for roadside construction sites, called 911 after he noticed a gray vehicle approaching the construction site very slowly, stopping and starting.  Rios observed that the vehicle was causing traffic to back up because it was blocking

---

[1]     Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]     We view the evidence in the light most favorable to sustaining the convictions and resulting sentences.  *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

both lanes of the road. When the car stopped directly behind Rios's work truck, Rios rushed over to the car, opened the car door, shifted the car into park, and removed the keys from the ignition. The gray vehicle's driver, later identified as Defendant, was the only person in the car. Rios noted the Defendant's eyes were closed, and when Rios tried to speak to Defendant, he could only mumble in response.

¶4        The police arrived several minutes later. Rios told officers what had happened and that Defendant was still in the vehicle. After paramedics completed their evaluation of Defendant's health, officers removed Defendant from the vehicle. Defendant "just fell to the ground." Defendant was unresponsive to officers, and his eyes were closed.

¶5        Officers smelled a strong odor of alcohol in the car and removed a 750-milliliter bottle of Hennessy cognac, with about a quarter of the liquid remaining in the bottle, from the drivers-side floorboard of the car. Two officers helped Defendant to a patrol car and placed Defendant under arrest. At the police station, officers obtained a search warrant and drew Defendant's blood. The results of the test showed that Defendant's blood alcohol concentration was 0.368 percent.

¶6        On the date of his arrest, Defendant's drivers' license had been both suspended and revoked. Defendant also had two prior DUI convictions within eighty-four months of this arrest.

¶7        The State charged Defendant with four counts of Aggravated DUI, all class four felonies, in violation of A.R.S. §§ 28-1383(A)(1) and (2). The State also alleged Defendant's historical felony convictions, pursuant to A.R.S. § 13-703.

¶8        Before trial, the court held a hearing regarding the State's Rule 609 motion to impeach Defendant with his prior felony convictions. The court ruled that if Defendant testified, his prior convictions could be used for impeachment purposes as long as the priors, except Defendant's prior aggravated DUI conviction, were properly sanitized. Defendant chose not to testify at trial.

¶9        At trial, the court denied the Defendant's Rule 20 motion for a judgment of acquittal and held that there was "substantial evidence to warrant a conviction." At the end of the five-day jury trial, the jury returned guilty verdicts on all four counts.

¶10       The court held a bench trial regarding Defendant's prior felony convictions. The State alleged, and the court found, that Defendant

had six historical prior felony convictions that could be used at sentencing.[3]

¶11        At sentencing, the court held that the aggravating factors outweighed any mitigating factors and sentenced Defendant to an aggravated term of eleven years' imprisonment for each count, each term to be served concurrently.  The court awarded Defendant 274 days credit for his presentence incarceration.[4]  Defendant timely appealed.

## Discussion

¶12        Defendant argues that his constitutional rights were violated:  (1) when the court used his prior convictions in the sentencing phase of this offense and (2) when a new judge, separate from the judge who presided over his trial, conducted post-trial hearings.

I.        Prior Convictions

¶13        In his supplemental brief, Defendant asserts that his constitutional rights were violated when the trial court used a prior conviction to aggravate Defendant's sentence, thus violating his due process rights guaranteed by the Fifth Amendment of the United States Constitution (due process rights), equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution, and violating the double jeopardy clause of the Fifth Amendment of the United States Constitution.  We disagree.  Because Defendant did not

---

[3]        The court also found at the hearing that Defendant was on felony parole on the day he committed the present offense; however, at the time of sentencing the court did not impose an enhanced sentence pursuant to A.R.S. § 13-708(C).

[4]        The record indicates that, prior to sentencing, Defendant was incarcerated from May 31, 2012 through June 25, 2012; and then again from September 24, 2012 through his sentencing on May 22, 2013.  This would result in a total of 265 days of presentence incarceration.  It appears, therefore, that the trial court erred in calculating Defendant's presentence credit by giving Defendant credit for nine days he did not serve.  However, because the State failed to appeal this issue, we will not disturb the sentence imposed by the court on this issue.  *See State v. Dawson*, 164 Ariz. 278, 282, 792 P.2d 741, 745 (1990).

object on this ground below, we review solely for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).

**¶14** Using a prior conviction at sentencing to enhance a sentence does not, in general, raise constitutional concerns. *See, e.g.*, *State v. Ring*, 204 Ariz. 534, 557, ¶ 60, 65 P.3d 915, 938 (2003) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 488 (2000) (holding that a judge may decide the "fact" of a prior conviction for sentence enhancement purposes without violating due process because prior convictions have already been proved through proceedings incorporating procedural safeguards)). "[R]ecidivism — is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Almendarez-Torres v. U.S.*, 523 U.S. 224, 243 (1998) (noting that recidivism laws are currently in effect in all fifty states). Defendant has alleged no facts, and we have found none, that would lead us to question whether his due process or equal protection rights were violated here.

**¶15** Moreover, a prior conviction used as an aggravating factor for sentencing purposes does not violate the double jeopardy clause. *See State v. Keith*, 211 Ariz. 436, 438, ¶ 7, 122 P.3d 229, 231 (App. 2005) ("Pursuant to controlling precedent, double jeopardy does not attach to the court's determination of [Defendant's] prior convictions.").

**¶16** Therefore we find no error, let alone fundamental error, that would warrant reversal of Defendant's convictions and sentences under these constitutional arguments.

II.    Trial Judges

**¶17** Defendant also argues that his due process rights were violated when the judge who presided over Defendant's sentencing and hearing regarding Defendant's prior convictions was a different judge than the judge who presided over his trial. We disagree.

**¶18** "The constitutional right to a fair trial includes the right to a fair and impartial judge." *State v. Ellison*, 213 Ariz. 116, 128, ¶ 35, 140 P.3d 899, 911 (2006). Defendant cites to no authority, and we have found none, that requires the judge who presided over the trial to also preside over a sentencing hearing regarding prior convictions or a Defendant's sentencing. Because there is no indication that the sentencing judge lacked fairness or impartiality, we conclude that there was no error in allowing an adequate substitute for the trial judge to conduct post-trial hearings. Accordingly, Defendant's convictions and sentences are affirmed.

**Conclusion**

**¶19** We have read and considered counsel's and Defendant's briefs, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49, 2 P.3d at 100. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was present or waived his presence and was represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak, and the court imposed a legal sentence.

**¶20** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh