611 P.2d 566

The STATE of Arizona, Appellee,

v.

Edward Dozel MOROYOQUI, Appellant.

No. 2 CA–CR 1884.

Court of Appeals of Arizona,
Division 2.

March 28, 1980.

Rehearing Denied April 30, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Bertram Polis, Tucson, for appellant.

OPINION

HOWARD, Judge.

Appellant was convicted by the trial court, sitting without a jury, of possession of marijuana, possession of marijuana for sale, and transportation of marijuana. He was placed on probation for all three offenses. The issues here concern the stopping and searching of an automobile driven by appellant.

On February 15, 1979, Sergeant Barnett of the Cochise County Sheriff's Office discovered a hole cut in the border fence. He also observed numerous sets of footprints passing through the break. He followed the tracks to the 4–H arena about ¾ of a mile away. He then contacted Agent Breen of the Narcotics Strike Force and asked him to take up the tracking in the morning.

On February 16, 1979, Agent Breen followed the tracks to the south end of Barnett Road. There, he found lengths of rope of the sort used to back-pack marijuana across the border and saw impressions in the dirt consistent with the setting down of large, filled sacks. On February 18, 1979, Agent Breen found fresh footprints at the same location at the south end of Barnett Road. He also found more rope segments, green plastic shreddings and a green plastic sack containing approximately 30 lbs. of marijuana.

On the night of February 20, 1979, the agents staked out the area on Barnett Road where the marijuana had been found. Agent Breen observed two individuals appear from the east side of Barnett Road. The general vicinity is very isolated and the area from which they came contained only mesquite. Shortly thereafter, a vehicle proceeded down Barnett Road to its end. Its headlights were turned off, doors were slammed, the lights were turned back on and the vehicle proceeded back up the road. It was exceeding the speed limit in departing from the area. The vehicle was followed by Sgt. Barnett and Agt. Breen. It turned in behind a residence and appellant, who was driving the vehicle, jumped out

and ran. The car was left in gear and continued to move forward. Sgt. Barnett yelled out "Police", and gave chase. He lost sight of appellant only momentarily, and ultimately found him hiding in some bushes.

Officer Bertrand, who participated in the surveillance and also followed the vehicle driven by appellant, entered the vehicle, turned off the ignition and removed the keys. The backseat of the vehicle was loaded with sacks of marijuana which Officer Bertrand was able to see and smell.

In the meantime Sgt. Barnett had taken appellant back to the police vehicle and read him his *Miranda* rights. Appellant indicated he understood these rights but was not asked whether he waived them. Another officer asked appellant where the key to the trunk was and appellant replied that it was in his right rear trousers pocket.

Appellant contends the trial court erred in denying his motion to suppress because there was no probable cause to arrest him and there was no reason for the officers' failure to obtain a search warrant after they had the vehicle in their possession. He also contends that the trial court erred in admitting his statements about the trunk key. He further argues there was insufficient evidence to support a conviction of possession of marijuana for sale and that his conviction for all three offenses violated his constitutional privilege against double jeopardy.

 There can be no question that the totality of circumstances including the chase, the flight from the automobile and the smell emanating from the sacks in plain view in the backseat all provided probable cause to arrest appellant. No warrant was necessary to search the vehicle since there was probable cause to believe that it contained contraband. *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974).

 Appellant contends the *Miranda* warning given him was erroneous and that in any event, he never waived his rights to have an attorney present. He therefore argues that his statement that the car

**564**

trunk key was in his pocket was erroneously admitted into evidence thus mandating reversal. We do not agree. Assuming arguendo that the court erred in admitting this testimony concerning the key, it was harmless beyond a reasonable doubt since the testimony was clear and uncontroverted that he was the driver of the automobile.

It is appellant's position that there was insufficient evidence to support his conviction for possession of marijuana for sale because there was no evidence that he had knowledge of its existence and exercised dominion and control over it.[1] We are unable to agree. A large quantity of marijuana was in the backseat of the automobile and emanated the odor of marijuana. Appellant was the driver of the automobile and fled from it. All of this shows guilty knowledge and the exercise of dominion and control over the marijuana.

A.R.S. Sec. 13–116 differs substantially from the former statute on double punishment, A.R.S. Sec. 13–1641. The new statute states:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other, to the extent the constitution of the United States or of this state require."

Appellant was placed on probation for three years on the possession count, on the possession for sale count, for four years, and on the transportation count for seven years, all of the probationary periods to run concurrently.

However, where a defendant is convicted of a particular crime the prohibition of double jeopardy protects that defendant from further prosecution for the same crime or any lesser included offense. *State v. Arnold*, 115 Ariz. 421, 565 P.2d 1282 (1977). The test for determining whether one offense is a lesser included offense is

whether the greater offense is one that cannot be committed without necessarily committing the lesser. *State v. Butrick*, 113 Ariz. 563, 558 P.2d 908 (1976). Possession of marijuana is a Class Six felony. A.R.S. Sec. 36–1002.05. Possession of marijuana for sale is a Class Four felony under A.R.S. Sec. 36–1002.06 and transportation of marijuana is a Class Two felony pursuant to A.R.S. Sec. 36–1002.07. Possession of marijuana is therefore a lesser offense. See A.R.S. Sec. 13–701(B). It is also an included offense of possession of marijuana for sale and transportation of marijuana since neither one of these greater offenses can be committed without being in possession of marijuana. Therefore, the prohibition against double jeopardy precludes conviction and sentence for possession of marijuana.

Appellant's conviction of possession of marijuana is set aside and in all other respects the judgment is affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

1. Presumably this argument would go to all the rest of the charges also.