617 P.2d 763

STATE of Arizona, Appellee,

v.

Troy David FEARS, Appellant.

No. 4871.

Supreme Court of Arizona,
In Banc.

Sept. 15, 1980.

Rehearing Denied Oct. 7, 1980.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., David R. Cole, Asst. Atty. Gen., Phoenix, for appellee.

Charlotte Howell Berry, Casa Grande, for appellant.

GORDON, Justice:

Defendant Troy David Fears was convicted upon a plea of guilty to one count of dangerous or deadly assault by a prisoner, A.R.S. § 13–1206. Defendant appeals from the judgment and sentence imposed. Taking jurisdiction pursuant to A.R.S. § 13–4031, we affirm.

Defendant's court–appointed attorney submitted a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Defense counsel raises several arguable issues,[1] all relating to the constitutionality of A.R.S. § 13–1206.[2]

Defense counsel initially urges that the penalty imposed by the statute violates the

---

1. Actually these issues have been extensively briefed.

2. A.R.S. § 13–1206 provides:
   "*Dangerous or deadly assault by prisoner*
   "A person, while in the custody of the department of corrections, a law enforcement agency or county or city jail, who commits an assault using or exhibiting a deadly weapon or dangerous instrument or who intentionally or knowingly inflicts serious physical injury upon another person is guilty of a felony and upon conviction shall be sentenced to life imprisonment and shall not be eligible for suspension or commutation of sentence, probation, parole or release on any other basis until such person has served not less than twenty–five years. A sentence imposed pursuant to this section shall be consecutive to any other sentence presently being served or imposed upon the defendant."

prohibition against cruel and unusual punishment of the Eighth and Fourteenth Amendments to the United States Constitution. It is first contended that the penalty is cruel and unusual because it is disproportionate to the crime. We have recently considered this argument in two cases, *State v. Mulalley*, 127 Ariz. 92, 618 P.2d 586 (1980) and *State v. Marquez*, 127 Ariz. 98, 618 P.2d 592 (1980), in which it was found that § 13–1206 did not inflict cruel and unusual punishment.

Our decisions in *Mullaley, supra*, and *Marquez, supra*, were based in part on a comparison between A.R.S. § 13–1206 with the penalties imposed in foreign jurisdictions for crimes of a similar nature. Two factors which we found significant in making this comparison were the prior criminal record of the defendant and defendant's intent or the actual harm caused by defendant's conduct. Fears has been convicted of two counts of burglary, three counts of assault with a deadly weapon, and two counts of forcible rape. *See State v. Fears*, 116 Ariz. 494, 570 P.2d 181 (1977). The instant offense arose when defendant, a prisoner at the Arizona State Prison shot and wounded another prisoner with a homemade zip gun. Both defendant's past record and the harmfulness of his conduct are at least as serious as that in *Mullaley* and *Marquez*. The penalty imposed is not unconstitutionally disproportionate.

Defendant also contends that A.R.S. § 13–1206 provides a cruel and unusual punishment because it punishes defendant because of his status as a prison inmate. Defendant relies on *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), in which the Supreme Court of the United States held that a state law which imprisoned a person merely because he is a narcotics addict inflicted cruel and unusual punishment. In *Robinson* the defendant could be found guilty without proof of any criminal behavior on his part. By contrast, the statute presently considered does not punish unless defendant has committed the specified proscribed conduct.

It is true that § 13–1206 provides a greater penalty for defendant's conduct because of his status of being in custody. We have held in *Mullaley, supra*, that this classification between persons in custody and other persons is rational and does not violate equal protection.

Defendant finally claims that A.R.S. § 13–1206 violates Art. 5, § 5 and Art. 3 of the Arizona Constitution because it infringes on the executive power to grant reprieves, commutations and pardons and because it infringes upon the judicial power to determine and impose sentences. We have rejected these contentions in *Marquez, supra*.

Pursuant to our responsibility under A.R.S. § 13–4035 B we have searched the entire record of this case and find no fundamental error.

The judgment and sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.