617 P.2d 1149

STATE of Arizona, Appellee,

v.

Armando James CRUZ, Appellant.

No. 4931.

Supreme Court of Arizona, En Banc.

Sept. 19, 1980.

**34**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Joseph W. Howard, Casa Grande, for appellant.

HAYS, Justice.

Armando Cruz appeals a jury conviction of dangerous assault by a prisoner (hereinafter assault charge) and possession by a prisoner of a deadly weapon (hereinafter possession charge). Appellant was sentenced to life imprisonment without possibility of parole for 25 years for the assault charge, said sentence to run consecutively to any sentence presently being served. For the possession charge, a two–year term was imposed, to run concurrently to the assault charge and consecutively to any present sentence. We have jurisdiction pursuant to A.R.S. § 13–4031. Several contentions were asserted by appellant, but we must reverse on one issue.

The determinative issue on appeal is whether the trial court properly refused appellant's requested jury instruction on the limited use of appellant's prior conviction.

An examination of the record reveals a diametrically opposite presentation of the facts through the state and defense witnesses' testimonies. On January 15, 1979, at approximately 1:00 A.M., the inmates in the I.E.R. cellblock of Arizona State Prison rioted by burning paper and clothes and flooded their cells in objection to the administration's decision to remove any unauthorized property from their cells. An officer sprayed chemical mace inside appellant's cell prior to entry to expel the appellant. Appellant was ordered to face the cell wall and assume the police search position. As Officer Zazueta attempted to search and handcuff appellant, the appellant apparently reached into his mouth for a metal knife or shank and continued a swift motion behind him, striking Officer Zazueta's coat or key chain but failing to penetrate. A struggle ensued and a second officer hit the metal shank out of appellant's hand with a billy club. After appellant was successfully removed from his cell, Officer Zazueta returned, located and seized the shank from the cell floor.

Defense counsel called the neighboring inmates who testified that they had seen the shank on a pile of refuse in the hall and that it had been picked up by Officer Zazueta prior to his entry into appellant's cell. Appellant testified in his own behalf and denied his having possessed any shank and denied any attempt to stab the officers. On cross–examination, it was elicited from appellant that his present residence was the Arizona State Prison and that he was previously convicted of second degree murder. The permissible use of this evidence is the critical issue on review.

Appellant was convicted for the assault under A.R.S. § 13–1206. The state contends that a prior bad act, such as a conviction, satisfies the element of "a person, while in the custody of the department of corrections, . . ." in this offense. The state argues then that the appellant's prior conviction was admitted as substantive evidence. We disagree.

Prior to trial, the court determined that if appellant took the stand he would be subject to impeachment by a prior conviction and that the jury was to decide from the state's evidence introduced at trial whether or not the defendant was in lawful

custody. A showing of a certificate of lawful commitment to the Arizona State Prison is not required, contra to appellant's contention. Nor is disclosure of the particular crime which the appellant was currently serving necessary to establish "in custody." The testimony of the officers that the appellant was an inmate, not an employee, of the prison and the appellant's own testimony that he resided in cell 16 was sufficient evidence of "in custody." Therefore, the only proper use of the conviction was to impeach the appellant.

Appellant urges there was error in the trial court's refusal of appellant's requested instruction on the prior conviction.[1] The standard RAJI (No. 5A) instruction was given instead.[2] Directly on point is the recent decision, *State v. Canedo*, 125 Ariz. 197, 608 P.2d 774 (1980). This court held that if a prior conviction is allowed to impeach a defendant, then the judge must clearly instruct the jury on the limited use to be made of the prior conviction. The RAJI (5A) instruction is insufficient in the case where the witness is the defendant. The failure to tell the jury that the prior conviction is to be used only to evaluate the defendant's credibility and not to be considered as evidence of his guilt of the offense charged required reversal of Canedo's conviction. We emphasized that the danger in the jury's concluding that the defendant is a bad man and convicting on lesser evidence than would ordinarily be necessary to support a conviction, can be decreased by properly instructing the jury on the limited use of the prior conviction. In the instant case, where the testimony is totally conflicting, the failure to admonish the jury not to consider the appellant's second degree murder conviction as evidence of appellant's disposition to commit the assault and possession charges, creates an increased danger. This court has imposed such a duty to instruct on the trial court since 1959. *State v. Finley*, 85 Ariz. 327, 338 P.2d 790 (1959).

Although the appellant's conviction must be reversed, we address the constitutionality and double jeopardy issues because of their likelihood of reoccurring at trial.

A.R.S. § 13-1206 is challenged by appellant as unconstitutional because the penalty imposed violates cruel and unusual punishment. This argument has been rejected in several recent decisions of this court. *State v. Mulalley*, 127 Ariz. 92, 618 P.2d 586 (1980), and *State v. Marquez*, 127 Ariz. 98, 618 P.2d 592 (1980).

Further, the penalty is not disproportionate considering appellant's prior conviction for second degree murder and the seriousness of his conduct in allegedly attempting to stab Officer Zazueta. The contention that A.R.S. § 13-1206 punishes appellant due to his status as a prisoner was unsuccessfully raised in *State v. Fears*, 126 Ariz. 597, 617 P.2d 763 (1980). Appellant's separation of powers argument that A.R.S. § 13-1206 infringes on the executive and judicial powers was rejected in the *Marquez* and *Fears* decisions, *supra*.

Appellant also asserts that a conviction for both the assault charge and possession charge constitutes a violation of double jeopardy, but confuses this theory with that of the doctrine of lesser included offenses. Appellant incorrectly alleges error in the state's failure to elect. *State v. Scott*, 118 Ariz. 383, 386, 576 P.2d 1383, 1386 (App. 1978), speaks to this, citing *State v.*

1. Defendant's proposed jury instruction:

   Evidence has been received to the effect that the defendant has heretofore been convicted of a crime. This evidence was so received solely because it bears upon the credibility of the defendant as a witness. The law assumes that a witness who has been convicted of a crime may not be as worthy of belief as a witness who has never been convicted of a crime, and the fact of conviction is one that you may take into consideration in weighing his testimony and determining his credibility. It must not be used for any other purposes, and, particularly, you should bear in mind that conviction of the defendant of a crime at some previous time is no proof that he is guilty of the offense with which he is now charged.

2. The standard RAJI (5A) instruction given:

   If a witness has been convicted of a felony, that conviction does not necessarily mean that you cannot believe his testimony. A witness' conviction of a felony is one of the circumstances you should consider in determining whether to believe that witness.

**36**

*Schwartz,* 14 Ariz.App. 531, 534, 484 P.2d 1060, 1063 (1971):

> "Under such circumstances there can be no requirement that the state elect which charge to submit to the jury. It was properly left to the jury to decide whether the facts supported the lesser charge only, or also the greater charge. Of course, once the jury determined by its verdicts that the facts supported both charges, then A.R.S. § 13–1641 became applicable preventing double punishment."

Whether an offense is lesser included has been defined in *State v. Dugan,* 125 Ariz. 197, 608 P.2d 771, 772 (1980):

> "An offense may be the lesser included of another offense, but factually, dependent upon the evidence, may or may not be 'necessarily included' in the greater offense. An offense is lesser included when the greater offense cannot be committed without necessarily committing the lesser offense."

The possession charge requires that the offender be a prisoner of a state prison, while the assault charge only requires that the offender be in the custody of the department of corrections, or a law enforcement agency or county or city jail. Therefore, the greater charge can be committed without the lesser.

Appellant also can be convicted of both charges for the same act without being doubly punished in violation of A.R.S. § 13–116 (formerly § 13–1641). The identical elements test is set forth in *State v. Tinghitella,* 108 Ariz. 1, 491 P.2d 834 (1971). We must eliminate the facts supporting the assault charge and determine whether the facts remaining would support the possession charge. The trial court instructed that:

> "The crime of Dangerous or Deadly Assault by a prisoner has two elements:
>
> 1. The defendant was in the custody of the Department of Corrections;
>
> 2. The defendant commits an assault using or exhibiting a deadly weapon or dangerous instrument. . . ."

> "The crime of Prisoner in Possession of a Deadly Weapon contains four elements:

> 1. The prisoner was committed to a prison maintained by the State,
>
> 2. While at such prison or while under the custody of prison officials, officers or employees he,
>
> 3. Possesses or carries upon his person or has under his custody or control,
>
> 4. Any dangerous instrument or deadly weapon."

The record contained sufficient facts to support a finding of appellant's having completed the crime of possession prior to the assault offense. In *State v. Ortiz,* 113 Ariz. 60, 546 P.2d 796 (1976), this court applied the identical elements test and upheld the convictions of exhibition of a deadly weapon and possession of a pistol by a criminal. Therefore, one can be charged and, if the evidence supports it, be convicted of both possession by a prisoner of a deadly weapon and dangerous or deadly assault by a prisoner.

For the foregoing reasons, the judgment of conviction and the sentence are reversed and the cause is remanded for a new trial.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.