818 P.2d 165

**The STATE of Arizona, Appellee,**

**v.**

**Armando Inigo AGUILAR, Appellant.**

**No. 2 CA–CR 90–0067.**

Court of Appeals of Arizona,
Division 2, Department B.

April 25, 1991.

As Corrected April 30, 1991.

Review Denied Oct. 22, 1991.

Grant Woods, The Atty. Gen. by Paul J. McMurdie and John Pressley Todd, Phoenix, for appellee.

Constance L. Trecartin, Tucson, for appellant.

## OPINION

HOWARD, Presiding Judge.

Appellant was convicted by a jury of kidnapping and attempted sexual assault of a person under the age of 15 years. He was sentenced to 17 years' imprisonment for kidnapping, a dangerous crime against children, with credit for 36 days in custody and 10 years' imprisonment for attempted sexual assault, a dangerous crime against children, to be served consecutively to the sentence for kidnapping. On appeal, he contends the trial court erred in denying his motion to vacate the judgment on the ground of jury misconduct. We do not agree and affirm.

Appellant's defense was lack of intent due to intoxication and ingestion of cocaine causing him to black out during the crucial periods in question. A psychologist testifying on appellant's behalf stated that a person who had ingested the amount of alcohol and cocaine that appellant described and who admitted to having a blackout, could neither form the intent to commit any sort of sexual offense nor act voluntarily and with determination.

■ Subsequent to appellant's conviction and the imposition of sentence, appellant filed a motion to vacate the judgment, contending that one of the jurors, Bradley J. Barnett, a medical doctor, had brought extrinsic evidence into the juryroom, to-wit, his medical knowledge. During the voir dire of the jury, Dr. Barnett stated that he was a medical doctor, specializing in family practice and that he had dealt with a number of children who had been sexually abused.

At the hearing on the motion to vacate, Dr. Barnett testified as follows:

When I went into the jury room to make my personal decision as far as whether I felt the facts that were presented were sufficient to provide a guilty decision or not, I used all the information I had from the information provided from testimony of various witnesses, I used my own personal judgment and, of course, I used my fund of knowledge which I take with me everywhere and I certainly couldn't say that I ignored what I know to be true or feel to be true from my understanding of medicine.

\*   \*   \*   \*   \*   \*

[M]y understanding was that each of us were free to discuss whatever means we used to reach our decision and I didn't and don't understand that being something I should not have done.

When Dr. Barnett went into the juryroom he shared with the other jurors the fund of knowledge he had regarding alcohol and cocaine intoxication and blackouts. He told the jurors that his understanding of what these spells consisted of was different from what Dr. McCabe presented. He explained that the type of episodes that were described in the testimony were not consistent with alcohol and cocaine-induced blackouts. Specifically, Dr. Barnett told the jurors that he disagreed with Dr. McCabe's

testimony about the patchwork nature of blackouts and that the fact that appellant only seemed to have blackouts concerning something negative in his life was not consistent with his understanding of blackout spells. Dr. Barnett had learned in the course of his medical training about alcohol and drug-induced intoxication including blackouts and he dealt with these areas in his practice.

The trial court may grant a new trial when a juror or jurors have been guilty of misconduct by receiving evidence not properly admitted during trial. Ariz. R.Crim.P. 24.1(c)(3)(i), 17 A.R.S. The rule applies only when the jury receives information from an outside source during the course of the trial or deliberations. *State v. McLoughlin,* 133 Ariz. 458, 652 P.2d 531 (1982). Appellant contends that the information imparted by Dr. Barnett was such extrinsic evidence. We do not agree.

Jurors may rely on their common sense and experience during deliberations. *State v. McLoughlin, supra.* They are expected to bring into the courtroom their own knowledge and experience to aid in the resolution of the case. *State v. DeMers,* 234 Mont. 273, 762 P.2d 860 (1988). This knowledge may include any expertise that they may have on a certain subject. *State v. DeMers, supra,* (study of bones); *Casey v. United States,* 20 F.2d 752 (9th Cir. 1927), aff'd 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632 (1928), (penmanship); *Hankins v. State,* 115 Neb. 350, 213 N.W. 344 (1927), (use and operation of cash registers). Dr. Barnett's use of his own experience and knowledge did not result in the bringing of extrinsic evidence into the juryroom.

Affirmed.

FERNANDEZ, C.J., and JAMES C. CARRUTH, Judge.*