IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



FILED BY CLERK

NOV 30 2007

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,           )
                                )
                    Appellee,   )      2 CA-CR 2006-0319
                                )      DEPARTMENT B
        v.                      )
                                )      O P I N I O N
ENIS JOHN CHERAMIE, III,        )
                                )
                    Appellant.  )
_____  )


APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20052668

Honorable Charles S. Sabalos, Judge

AFFIRMED IN PART; VACATED IN PART

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Joseph L. Parkhurst                         Tucson
                                                         Attorneys for Appellee


Robert J. Hooker, Pima County Public Defender
  By Michael J. Miller                                              Tucson
                                                        Attorneys for Appellant

V Á S Q U E Z, Judge.

¶1		A Pima County grand jury indicted appellant Enis John Cheramie for transportation of a dangerous drug for sale, possession of drug paraphernalia, and second-degree escape. Following a jury trial he was convicted of possession of a dangerous drug, possession of drug paraphernalia, and third-degree escape. On appeal, Cheramie argues that possession of a dangerous drug is not a lesser-included offense of transportation of a dangerous drug for sale, and therefore his conviction on this count violated his right to notice of the charges against him under the Arizona and United States Constitutions. He also argues that the trial court improperly commented on the evidence in violation of the Arizona Constitution, that he was prejudiced by the court's instruction on reasonable doubt, and that he was entitled to a jury trial on the issue of whether he had an historical prior felony conviction. For the reasons discussed below, we affirm in part and vacate in part.

**Facts and Procedural Background**

¶2		We view the evidence presented in the light most favorable to sustaining the convictions. *State v. Cropper*, 205 Ariz. 181, ¶ 2, 68 P.3d 407, 408, *supp. op.*, 206 Ariz. 153, 76 P.3d 424 (2003). A City of Tucson police officer stopped Cheramie's car and arrested him for two outstanding misdemeanors. Two officers searched the car incident to the arrest and found an aerosol can with a false bottom on the floor of the car behind the front passenger seat. The can contained two plastic bags filled with approximately forty-two grams of a substance later determined to be methamphetamine. The officers also found between $400 and $500 in the car's center console. While being transported to the police

2

station in a patrol car, Cheramie escaped. He was eventually recaptured and charged as stated above.

¶3 Several police officers testified at trial for the state about the events surrounding Cheramie's arrest and the discovery of drugs in his car. The state's other witnesses included Cheramie's parole officer, who identified Cheramie, and a criminalist, who verified that the substance seized from Cheramie's car was methamphetamine. The state had also planned to call an expert on the "for sale" element of the transportation for sale charge. However, this expert failed to appear. As a result, after the state rested its case, the trial court granted Cheramie's motion for judgment of acquittal on that charge pursuant to Rule 20, Ariz. R. Crim. P. Over Cheramie's objection, the court substituted for that charge the charge of possession of a dangerous drug, believing it to be a lesser-included offense of transportation for sale.

¶4 The jury found Cheramie guilty of possession of a dangerous drug, possession of drug paraphernalia, and third-degree escape. At sentencing, Cheramie requested a jury trial on the state's allegation that he had an historical prior felony conviction for sentence enhancement purposes. He also challenged, as he does on appeal, the sufficiency of the evidence to support the prior conviction. The trial court found Cheramie's prior violent crime and dangerous nature offense conviction disqualified him from the mandatory probation provisions of A.R.S. § 13-901.01. It sentenced him to concurrent, presumptive prison terms of 4.5 years for the possession of a dangerous drug count, and 1.75 years each

3

for the drug paraphernalia and escape counts. This appeal followed; we have jurisdiction under A.R.S. § 13-4033(A).

## Discussion

**Violation of right to notice of charge**

**¶5** Cheramie argues that possession of a dangerous drug is not a lesser-included offense of transportation for sale, thus his conviction for possession violated his right under the Arizona and United States Constitutions to be tried for an offense with which he had been charged and for which he had been given proper notice. This court reviews constitutional issues and purely legal issues de novo. *State v. Moody*, 208 Ariz. 424, ¶ 62, 94 P.3d 1119, 1140 (2004).

**¶6** "'An offense is lesser included when the greater offense cannot be committed without necessarily committing the lesser offense.'" *State v. Cruz*, 127 Ariz. 33, 36, 617 P.2d 1149, 1152 (1980), *quoting State v. Dugan*, 125 Ariz. 194, 195, 608 P.2d 771, 772 (1980). In other words, to be a lesser-included offense of another, an offense must not require any element not also required by the greater offense. In its interpretation of Arizona's dangerous drug statute, A.R.S. § 13-3407(A), our supreme court has held that to be convicted of possession, a defendant must possess a sufficient quantity of the drug to be useable under the known practices of addicts. *State v. Moreno*, 92 Ariz. 116, 120, 374 P.2d 872, 875 (1962). However, our supreme court has consistently rejected such a "useable quantity" requirement for convictions for the sale of drugs. *State v. Ballinger*, 110 Ariz.

4

422, 425, 520 P.2d 294, 297 (1974); *State v. Ballesteros*, 100 Ariz. 262, 265, 413 P.2d 739, 741 (1966); *State v. Espinosa*, 101 Ariz. 474, 476, 421 P.2d 322, 324 (1966). The same reasoning applies to the transportation of drugs for the purpose of sale. *See Ballesteros*, 100 Ariz. at 265, 413 P.2d at 741 ("[T]he required intent is established by the [transportation] of any amount when the accompanying circumstances indicate an intent to sell."). "It is the sale of *any* amount of [dangerous drugs] which is prohibited." *Espinosa*, 101 Ariz. at 476, 421 P.2d at 324 (emphasis added).

¶7        The offense of possession of a dangerous drug requires the element of possession of a useable quantity of drugs, and the offense of transportation for sale does not. Possession, therefore, cannot be a lesser-included offense of transportation for sale. While this result is in some respects counterintuitive, and the dissent cites a number of cases that suggest a contrary conclusion,[1] the distinction between the physical act of "possession" and the offense of "possession" as defined by our supreme court is critical. *See Moreno*, 92 Ariz. at 120, 374 P.2d at 875. Courts in California, where there is a similar useable quantity rule,

---

[1]We agree with Cheramie that although we reached the opposite conclusion with regard to the marijuana statute, A.R.S. § 13-3405, in two previous decisions, in neither did we address the elements of the offenses, and one focuses on whether possession is a lesser offense, rather than a lesser-included offense. *See In re Pima County Juvenile Delinquency Action No. 12744101*, 187 Ariz. 100, 101, 927 P.2d 366, 367 (App. 1996); *State v. Moroyoqui*, 125 Ariz. 562, 564, 611 P.2d 566, 568 (App. 1980). And we disagree with the dissent that *State v. Chabolla-Hinojosa* is not distinguishable from the present case, because the lesser offense in that case did not require the additional element of possession of a useable quantity. 192 Ariz. 360, ¶ 13, 965 P.2d 94, 97 (App. 1998).

have held that "simple possession of a controlled substance cannot be a necessarily lesser included offense of selling or offering to sell—although it could be a lesser related offense—because the former crime contains elements a sales offense does not: knowing possession of a usable quantity." *People v. Peregrina-Larios*, 28 Cal. Rptr. 2d 316, 316 (App. 1994) (citations omitted). Although our supreme court has not ruled directly on the issue, its definition of the two offenses leaves us no option but to conclude that possession of a dangerous drug is not a lesser-included offense of transportation for sale. *State v. Sullivan*, 205 Ariz. 285, ¶ 15, 69 P.3d 1006, 1009 (App. 2003) (court of appeals constrained by decisions of supreme court and not permitted to disregard them).

¶8 We next turn to whether the trial court's amendment of the charge in this case afforded Cheramie proper notice as required by the Sixth Amendment of the United States Constitution and article II, §§ 24 and 30 of the Arizona Constitution. "The charging of a criminal offense is regulated by the requirement found in the Sixth Amendment that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation.'" *State v. Sanders*, 205 Ariz. 208, ¶ 16, 68 P.3d 434, 439 (App. 2003), *quoting* U.S. Const. amend. VI. This means that an indictment "must describe the offense with sufficient specificity so as to enable the accused to prepare a defense." *Id.* ¶ 16. The Arizona Constitution contains a similar right for an accused to "demand the nature and cause of the accusation against him, to have a copy thereof," and states that "[n]o person

shall be prosecuted criminally in any court of record for felony or misdemeanor, other than by information or indictment." Ariz. Const. art. II, §§ 24, 30.

¶9        Amendment of a charge to a lesser-included offense of the original charge does not violate the Sixth Amendment. *Sanders*, 205 Ariz. 208, n.2, 68 P.3d at 441 n.2. However, the substitution of an offense that includes elements that differ from those of the offense actually charged violates both the fundamental Sixth Amendment right to notice, *id.* ¶ 20, and Arizona's "constitutional guarantees that an accused stand trial with clear notice of the crime with which he is charged." *State v. Martin*, 139 Ariz. 466, 471, 679 P.2d 489, 494 (1984); *see State v. Rivera*, 207 Ariz. 69, ¶ 8, 83 P.3d 69, 72 (App. 2004) (right to notice under Arizona Constitution equivalent to Sixth Amendment right).

¶10        In *Sanders*, the state moved at the conclusion of its case-in-chief to amend an assault charge from an offense requiring a "knowing touching with intent to injure, insult, or provoke" to an offense requiring an intent to place another in reasonable apprehension of imminent physical injury. 205 Ariz. 208, ¶ 9, 68 P.3d at 212. In that case, Division One of this court stated that a proposed amendment could impermissibly change the nature of the offense "either by proposing a change in factual allegations or a change in the legal description of the offense." *Id.* ¶ 25. In the second category, the court in *Sanders* cited two cases, *Gray v. Raines*, 662 F.2d 569 (9th Cir. 1981), and *Government of the Virgin Islands v. Joseph*, 765 F.2d 394 (3d Cir. 1985). *Id.* ¶¶ 26-30. In *Gray*, the Ninth Circuit Court of Appeals vacated a conviction on a statutory (second-degree) rape charge that had been

7

added during trial to the original charge of forcible (first-degree) rape, reasoning that "[b]ecause first and second degree rape are distinct offenses, and second degree rape is not an included offense, the state was obligated to comply with the Sixth Amendment notice requirement when bringing a second degree rape charge." 662 F.2d at 572. In *Joseph*, the Third Circuit Court of Appeals found the addition of a third-degree rape charge after the close of evidence violated the Sixth Amendment because third-degree rape had an element—the age of the victim—not present in the original charge. 765 F.2d at 396-97.

¶11 Here, the amendment of the charge from transportation of a dangerous drug for sale to possession of a dangerous drug similarly constituted a change in the legal description of the offense. Because the amended charge included an element—possession of a useable quantity—not present in the original charge, the amendment violated Cheramie's Sixth Amendment rights.

¶12 Further, "[w]hen the Sixth Amendment is violated by an amendment that 'actually modifies an essential element of the offense charged . . . it is reversible per se.'" *Sanders*, 205 Ariz. 208, ¶ 20, 68 P.3d at 440, *quoting Hunter v. New Mexico*, 916 F.2d 595, 599 (10th Cir. 1990). When a charge is amended during a trial such that the nature of the offense is changed, "the record of that trial is useless as a tool to determine whether a defendant was prejudiced by the amendment." *Id.* ¶ 22. We must therefore conclusively presume prejudice. *Id.* ¶ 20.

8

**¶13** The current case squarely illustrates the reasons for this prejudice per se rule. Cheramie was not originally charged with a crime requiring possession of a useable quantity of drugs. The court did not amend the charges against him until the final day of testimony in a three-day jury trial, after the state had rested its case. Cheramie therefore had no reason to address whether the drugs found in his car constituted a useable amount, either in his opening statement or in his cross-examination of the state's witnesses. And, he in fact did not do so. Nor did he have a realistic opportunity to call his own witnesses to testify on the issue at that late stage of the proceedings. Thus, "we can never know from [the] record whether the evidence of the amended charge could have withstood a well-prepared cross-examination, a different justification defense, or any other of the many testing devices inherent in our adversarial process."[2] *Id.* ¶ 24.

**¶14** Given our conclusion that possession of a dangerous drug cannot be a lesser-included offense of transportation for sale, we find Cheramie's conviction for possession of

---

[2]Cheramie also argues that the state failed to present adequate evidence that he possessed a useable amount of methamphetamine. Conversely, the dissent counters that there was sufficient evidence for a jury to have found Cheramie possessed a useable quantity of the drug. However, a conviction for a charge other than that for which the defendant was indicted "cannot be justified on the basis that there is evidence in the record to support the amended charge." *State v. Sanders*, 205 Ariz. 208, ¶ 24, 68 P.3d 434, 441 (App. 2003). Because Cheramie's conviction is thus reversible per se, we need not address this argument.

a dangerous drug violated the Sixth Amendment of the United States Constitution and article II, § 30 of the Arizona Constitution. We therefore vacate this conviction.[3]

**Jury instructions**

¶15        Next, Cheramie argues the trial court's instruction about police officers' reports and transcripts was an improper comment on the evidence which violated his rights under the Arizona Constitution. This court reviews de novo constitutional issues and questions of whether a jury instruction properly states the law. *Moody*, 208 Ariz. 424, ¶ 62, 94 P.3d at 1140 (constitutional issues); *State v. Orendain*, 188 Ariz. 54, 56, 932 P.2d 1325, 1327 (1997) (jury instructions).

¶16        Article VI, § 27 of the Arizona Constitution provides, in pertinent part: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." To violate this constitutional prohibition against commenting on the evidence, "'the court must express an opinion as to what the evidence proves' or 'interfere with the jury's independent evaluation of that evidence.'" *State v. Roque*, 213 Ariz. 193, ¶ 66, 141 P.3d 368, 388 (2006), *quoting State v. Rodriguez*, 192 Ariz. 58, ¶ 29, 961 P.2d 1006, 1011 (1998).

---

[3]Because the effect of a judgment of acquittal was not briefed by the parties, we do not make a decision on this issue. We note, however, that the issue was considered in *Sanders*, 205 Ariz. 208, ¶ 68, 68 P.3d at 449. In that case, Division One of this court concluded that the constitutional prohibition on double jeopardy barred retrying the defendant on the original charge but did not preclude the state from refiling the charge as amended. *Id.*

¶17 At trial, Cheramie attempted to impeach several Tucson Police Department officers called by the state by questioning them about police reports and transcripts of statements that appeared to be inconsistent with their testimony, particularly with regard to his physical appearance. The trial court's jury instruction on these reports and transcripts stated in relevant part:

> During the trial, you have heard references to reports and transcripts concerning events and statements in this case. The evidence on which you will base your deliberations includes testimony of witnesses concerning the information contained in these reports and transcripts. The reports and transcripts themselves are not evidence unless admitted into evidence. . . . You should consider the testimony of the witnesses concerning the information contained in these reports and transcripts, together with the other evidence in the case, in your deliberations.

Cheramie argues this instruction interfered with the jury's independent evaluation of the evidence. We disagree. Whether to admit or exclude evidence is within the trial court's discretion. *State v. Greene*, 162 Ariz. 431, 433, 784 P.2d 257, 259 (1989). The court has a "duty to instruct the jury . . . upon matters vital to a proper consideration of evidence." *State v. Evans*, 109 Ariz. 491, 493, 512 P.2d 1225, 1227 (1973). And the constitutional prohibition against commenting on the evidence "does not prevent the trial court from instructing the jury on the limited usage of the evidence." *State v. Spinks*, 156 Ariz. 355, 361, 752 P.2d 8, 14 (App. 1987).

11

**¶18** In this case, the trial court had the discretion to exclude the reports and transcripts,[4] and the duty to instruct the jury to consider the evidence accordingly. We are not persuaded by Cheramie's contention that the court's instruction implied that the reports, transcripts, and their contents "were in some unspecified way questionable."

**¶19** Next, Cheramie argues the trial court erred by failing to give the jury the *Hash*[5] instruction on reasonable doubt when the jurors requested further instruction on the issue. We review the sufficiency of jury instructions de novo. *Orendain*, 188 Ariz. at 56, 932 P.2d at 1327. There are two distinct parts to Cheramie's argument. First, he claims that a court must provide a clarifying instruction on reasonable doubt when so requested by a jury. Second, he maintains that on the issue of reasonable doubt, such a clarifying instruction must be the *Hash* instruction. We do not agree with either of these contentions.

**¶20** In *State v. Portillo*, 182 Ariz. 592, 596, 898 P.2d 970, 974 (1995), our supreme court adopted a uniform reasonable doubt instruction to be used in criminal trials. Although *Portillo* did not explicitly overrule *Hash*, it did disapprove of the use of varying definitions of reasonable doubt, finding them to "detract[] from the goal of a uniform and equal system of justice." 182 Ariz. at 596, 898 P.2d at 974. Cheramie provides no post-*Portillo* authority to support his position that a trial court must give the *Hash* instruction

---

[4]The record indicates that these reports and transcripts were not admitted because Cheramie did not move for their admission. *See State v. Logan*, 200 Ariz. 564, ¶ 11, 30 P.3d 631, 633 (2001) (party may not inject error into record then profit from it on appeal).

[5]*Hash v. State*, 48 Ariz. 43, 57, 59 P.2d 305, 310-11 (1936).

as clarification.[6]   To the contrary, as *Portillo* suggests, our supreme court disfavors definitions of reasonable doubt, such as those contained in *Hash*, which vary from the *Portillo* definition.  *Id.; see also State v. Garza*, 216 Ariz. 56, ¶ 45, 163 P.3d 1006, 1016-17 (2007); *State v. Ellison*, 213 Ariz. 116, ¶ 63, 140 P.3d 899, 916 (2006); *State v. Dann*, 205 Ariz. 557, ¶ 74, 74 P.3d 231, 249-50 (2003).

**¶21**        Furthermore, "'[w]hen a jury asks a judge about a matter on which it has received adequate instruction, the judge may in his or her discretion refuse to answer, or may refer the jury to the earlier instruction.'"  *State v. Ramirez*, 178 Ariz. 116, 126, 871 P.2d 237, 247 (1994), *quoting Des Jardins v. State*, 551 P.2d 181, 190 (Alaska 1976).  *See* Ariz. R. Crim. P. 22.3 ("After the jurors have retired to consider their verdict . . . if they or any party request additional instructions, the court *may* recall them to the courtroom and . . . give appropriate additional instructions.") (emphasis added).[7]  Courts are thus given broad discretion in determining whether and how to respond to jury questions.

---

[6]Cheramie cites a single case, *State v. Soto-Fong*, 187 Ariz. 186, 198, 928 P.2d 610, 622 (1996), which he claims "appears to recognize [*Hash*] as an acceptable alternative to the '*Portillo*' instruction." He is mistaken.  As the portion he quotes shows, the trial in that case occurred before the effective date set by our supreme court for the use of the *Portillo* instruction.

[7]We note that in the series of cases cited by Cheramie, the Ninth Circuit only found reversible error in a failure to issue supplementary instructions when jurors' notes indicated they had "misinterpreted the law or the instructions." *Beardslee v. Woodford*, 358 F.3d 560, 575, *supp op., Beardslee v. Brown*, 393 F.3d 1032 (9th Cir. 2004).  These cases are not persuasive in the present case, because there is no evidence that the jury misinterpreted either the law or the instructions.

**¶22** In this case, the record shows the trial court gave the *Portillo* reasonable doubt instruction, as mandated by our supreme court. 182 Ariz. at 596, 898 P.2d at 974. The trial court, therefore, adequately instructed the jury on the issue. *Sullivan*, 205 Ariz. 285, ¶¶ 14-15, 69 P.3d at 1009 (App. 2003) (*Portillo* instruction mandated by supreme court; court of appeals constrained by that decision). Thus, when the jury subsequently requested the court to provide a definition of reasonable doubt, the court acted within its discretion in referring the jury to its earlier instruction.

**Request for jury trial on prior conviction**

**¶23** Finally, relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), Cheramie argues the trial court erred in denying his request for a jury trial to determine whether he had an historical prior felony conviction as the state had alleged. This is a constitutional issue which we review de novo. *Moody*, 208 Ariz. 424, ¶ 62, 94 P.3d at 1140.

**¶24** In *Apprendi* the United States Supreme Court held "that the Sixth and Fourteenth Amendments of the United States Constitution require a jury to find, beyond a reasonable doubt, any fact that would 'expose the defendant to a greater punishment than that authorized by the jury's guilty verdict' alone." *State v. Brown*, 209 Ariz. 200, ¶ 7, 99 P.3d 15, 17 (2004), *quoting Apprendi*, 530 U.S. at 494, 120 S. Ct. at 2365. However, the Court expressly exempted "the fact of a prior conviction" from its jury trial requirement. *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63. Our supreme court has also recognized

14

this exception. *State v. Fell*, 210 Ariz. 554, ¶ 8, 115 P.3d 594, 597 (2005). But Cheramie claims the reasoning in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998), in which the Court first enunciated the prior conviction exception, "does not stand up in light of the reasoning in *Apprendi*." However, we rejected this very argument in *State v. Keith*, noting that "[w]e are not allowed to anticipate how the Supreme Court may rule in the future." 211 Ariz. 436, ¶ 3, 122 P.3d 229, 230 (App. 2005).

¶25        Cheramie nevertheless argues *Apprendi*'s reasoning for the exception, that "procedural safeguards attach[] to any 'fact' of prior conviction," indicates that the exception only applies to determining the existence of a prior conviction. 530 U.S. at 488, 120 S. Ct. at 2362. He contends because there are no similar procedural safeguards in identifying the defendant as the same person who was previously convicted, such an identification should be a matter for a jury. However, neither *Apprendi* nor its progeny supports such an interpretation.

¶26        Cheramie also suggests the court erred in concluding the state had established he was the person referred to in the documents. He contends his identification was "based entirely" on the judge's comparison of Cheramie with a photograph, taken nine years before, included in a certified copy of his Arizona Department of Corrections records. However, this is not the case. Cheramie's parole officer, C. W. Lee, identified Cheramie at trial. Lee had met with Cheramie the day after he was released from custody for the prior conviction and had been responsible for his community supervision for the six months between his

15

release and his arrest on the current charges. Lee's testimony was incorporated into the sentencing, and Cheramie did not contest the validity of his identification by Lee at trial; nor does he on appeal. *See State v. Soto-Fong*, 187 Ariz. 186, 207, 928 P.2d 610, 631 (1996) (court may consider at sentencing phase evidence properly admitted during guilt phase). Thus, there was more than sufficient evidence to support the court's finding that Cheramie previously had been convicted of aggravated assault with a deadly weapon/dangerous instrument, Pima County case number CR-52569. And the trial court did not err in ruling Cheramie was not entitled to a jury trial on this issue.

## Conclusion

¶27        For the reasons stated, we affirm Cheramie's convictions and sentences for possession of drug paraphernalia and third-degree escape, but vacate his conviction and sentence for possession of a dangerous drug.

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge

16

E S P I N O S A, Judge, dissenting in part.

¶28 I agree that the jury was correctly instructed and that Cheramie's prior conviction was properly established. But I cannot agree with the majority's unprecedented determination that simple possession of methamphetamine cannot be a lesser-included offense of transportation of methamphetamine for sale and that Cheramie's conviction on that charge violated his Sixth Amendment rights. As the state points out, it is impossible to transport methamphetamine for sale without, at a minimum, possessing methamphetamine because "a person cannot commit the transportation offense without necessarily committing the possession offense." *State v. Chabolla-Hinojosa*, 192 Ariz. 360, ¶ 12, 965 P.2d 94, 97 (App. 1998). The court in *Chabolla-Hinojosa* reasoned:

> "'Possess' means knowingly to have physical possession or otherwise to exercise dominion or control over property." [A.R.S. § 13-105(30).] . . . One who exercises dominion or control over property has constructive possession of it even if it is not in his physical possession. *See State v. Villalobos Alvarez*, 155 Ariz. 244, 245, 745 P.2d 991, 992 (App. 1987). Given the broad definition of "possess," when a possession for sale charge is incidental to a transportation for sale charge, the former is a lesser-included offense, for one cannot possibly be guilty of the transportation for sale charge without also being guilty of the possession for sale charge.

*Id.*, ¶ 13. Although the lesser offense in *Chabolla-Hinojosa* was possession of marijuana *for sale*, the distinction is inconsequential because the court's reasoning in that case turned on the physical act of possession, not the purpose or intended outcome of that possession. Simply stated, "possession is a necessary element of transportation." *Id.* ¶ 18. Indeed, so

17

well established is this principle that this court has flatly stated "[p]ossession of drugs for personal use is a lesser-included offense of possession of drugs for sale," without discussion. *Gray v. Irwin*, 195 Ariz. 273, ¶ 12, 987 P.2d 759, 762 (App. 1999); *see also In re Pima County Juvenile Action No. 12744101*, 187 Ariz. 100, 101, 927 P.2d 366, 367 (App. 1996) ("it is not possible to complete a sale of marijuana without possessing it"); *State v. Moroyoqui*, 125 Ariz. 562, 564, 611 P.2d 566, 568 (App. 1980) (possession of marijuana is a lesser-included offense of possession of marijuana for sale and transportation of marijuana); *State v. Ballinger*, 19 Ariz. App. 32, 37, 504 P.2d 955, 960 (1973) ("Possession of heroin is a lesser[-] included offense of the greater offense of possession of heroin for sale, since the second cannot be committed without necessarily committing the first.").

¶29       The majority adopts Cheramie's reasoning, which relies on *State v. Moreno*, 92 Ariz. 116, 374 P.2d 872 (1962), and a California case to engraft the element of "useable amount" onto the lesser-included offense analysis. But in *Moreno*, our supreme court addressed a challenge to the sufficiency of the evidence to sustain a conviction for possession of heroin because only trace amounts of the drug had been detected on cotton swabs used for wiping the tips of hypodermic needles. The court held:

> [W]here the amount of a narcotic is so small as to require a chemical analysis to detect its presence, the quantity is sufficient if useable under the known practices of narcotic addicts. We hold that only in those cases where the amount is incapable of being put to any effective use will the evidence be insufficient to support a conviction.

18

*Id.* at 120, 374 P.2d at 875. Significantly, the question whether simple possession of a narcotic could be a lesser-included offense of transportation with intent to sell the drug was not at issue in *Moreno*. And, indeed, that question is subject to a different analysis than that for evaluating a challenge to a conviction based on sufficiency of the evidence. It is also clear that this case does not involve the question whether an "amount of a narcotic is so small as to require a chemical analysis to detect its presence," as was the case in *Moreno*. *Id.*

¶30 Our supreme court recently reiterated that a lesser-included offense instruction is required when "(a) . . . the state [has] failed to prove an element of the greater offense and (b) . . . the evidence is sufficient to support a conviction on the lesser offense." *State v. Wall*, 212 Ariz. 1, ¶ 18, 126 P.3d 148, 151 (2006); *see Ballinger*, 19 Ariz. App. at 37, 504 P.2d at 960 (court has duty to instruct on lesser-included offense of possession of heroin if evidence reasonably supports conviction on that offense); *see also United States v. Hernandez*, 476 F.3d 791, 799-801 (9th Cir. 2007) (evidence supporting possession of 159 grams of methamphetamine with intent to distribute did not preclude jury from rationally finding drug could have been possessed for personal use rather than sale notwithstanding no evidence of personal use, and lesser-included-offense instruction should have been given).

¶31 Although here the state did not introduce any expert testimony on what may constitute a "useable amount," it was not required because the jury readily and reasonably could have found, without any need for additional evidence, that the forty-two grams of

methamphetamine in Cheramie's possession were without question a useable quantity of the drug as a matter of common sense and common knowledge. *See generally State v. Aguilar*, 169 Ariz. 180, 182, 818 P.2d 165, 167 (App. 1991) (jurors may rely on common sense and experience). And, under the well-settled case law noted above and Arizona rules of criminal procedure, Cheramie could not have lacked notice that he could be found guilty of its possession as a lesser-included offense. *See* Ariz. R. Crim. P. 13.2(c). Accordingly, I would uphold Cheramie's conviction for possessing the sizeable quantity of methamphetamine that he was transporting.

_____
PHILIP G. ESPINOSA, Judge

20