NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL DON ALBIN, *Appellant.*

No. 1 CA-CR 23-0471

FILED 10-10-2024

Appeal from the Superior Court in Mohave County
No. S8015CR202300069
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

The Brewer Law Office, Show Low
By Benjamin M. Brewer
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

**F U R U Y A**, Judge:

**¶1**         Michael Don Albin appeals his conviction and sentence for theft of means of transportation. He argues the superior court erred by improperly instructing the jury during trial. For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**         In 2022, William Coffer passed away in his home, with his truck parked in the driveway. Law enforcement saw the truck at Albin's residence after a concerned neighbor reported Coffer's truck was parked there. Weeks later, a law enforcement officer found Albin asleep in the truck in a parking lot and arrested him for, among other things, theft of means of transportation, a Class 3 felony.

**¶3**         During trial, the court granted Albin's Rule 20 motion for a directed verdict as to count 1, burglary in the third degree, a Class 4 felony. The jury returned a guilty verdict for count 2, theft of means of transportation. At sentencing, the court found Albin was a repetitive offender and imposed a presumptive term of 11.25 years in prison with 279 days of presentence incarceration credit.

**¶4**         Albin timely appealed and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

**¶5**         Albin argues the court improperly instructed the jury because (1) it did not provide written preliminary jury instructions to the jury and failed to read some of the preliminary instructions to the jury before trial began; and (2) it did not respond to the jury's question about the

---

[1]      We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404 ¶ 2 n.2 (App. 2015).

classification of an offense. Because Albin did not object at trial, our review is for fundamental prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 140 ¶12 (2018) (explaining failure to object to an error at trial forfeits the right to obtain appellate relief except when the error is fundamental and results in prejudice).

**¶6**　　　　For error to be fundamental, a defendant must establish that the error "(1) went to the foundation of the case, (2) took from the defendant a right essential to his defense, *or* (3) was so egregious that he could not possibly have received a fair trial." *Id.* at 142 ¶ 21. The first two prongs, if found, also require a finding of prejudice. *Id*. Prejudice requires a defendant to show "that without the error, a reasonable jury could have plausibly and intelligently returned a different verdict." *Id*. at 144 ¶ 31. The prejudice standard is not "easily satisfied" and "necessarily excludes imaginative guess work." *Id*. "The defendant bears the burden of persuasion at each step." *Id*. at 142 ¶ 21.

## I.　　The Court Did Not Commit Fundamental Error When It Did Not Provide the Jury with Written Preliminary Instructions.

**¶7**　　　　Courts must provide written copies of preliminary and final instructions to jurors before they are read to the jury by the court. Ariz. R. Crim. P. 21.3(d). The court erred when it did not provide written preliminary jury instructions. But even when a court errs in instructing a jury, mere speculation of jury confusion is insufficient to establish fundamental error on that basis. *See State v. Allen*, 248 Ariz. 352, 363 ¶ 33 (2020); *State v. Bass*, 198 Ariz. 571, 576–77 ¶¶ 17–18 (2000).

**¶8**　　　　Here, although the court did not provide the jury with written preliminary jury instructions, it read them aloud and discussed them with the jury during voir dire. The court also read the preliminary instructions to the jury again after it was empaneled. Lastly, the court provided the jury with the final jury instructions in written form, reading them aloud with the jury. And during closing arguments, the jury was again reminded of their instructions.

**¶9**　　　　Not providing written preliminary instructions to the jury was contrary to the requirements expressed in Rule 21.3(d), Ariz. R. Crim. P. But given this record, Albin does not show any non-speculative indicia that the court's not providing the jury with written preliminary instructions resulted in confusion, or that the preliminary instructions conveyed orally were inconsistent with the final instructions. The court gave sufficiently complete jury instructions prior to presentation of evidence. Moreover, the

final instructions were provided to the jury both in writing and orally and we presume the jurors followed those instructions. *See State v. LeBlanc*, 186 Ariz. 437, 439 (1996). Therefore, Albin has failed to establish the omission here was fundamental error.

## II.  The Court Did Not Err in Refusing to Respond to the Jury's Question Regarding Punishment.

¶10        Finally, during deliberations, the jury submitted the following question to the court:

> [The Jury:] What is the type of charge, as in felony or misdemeanor and to what degree or class?

> [The court:] This question is a matter of law allocated to the judge. This is not a fact issue for your determination. Additionally, the jury cannot consider punishment. Punishment, if any, is left to the judge.

¶11        The court referred the jury back to the earlier punishment instruction based on a reasonable belief that the question was "inappropriate legally" because it led to a consideration of punishment. Albin argues the court erred in its response, maintaining that the court should have answered this question.

¶12        We review the court's response to jury questions for an abuse of discretion but review de novo whether jury instructions adequately reflect the law. *State v. Ramirez*, 178 Ariz. 116, 126 (1994) (response to juror's question); *State v. Zaragoza*, 221 Ariz. 49, 53 ¶ 15 (2009) (adequacy of jury instructions). When the jury asks "about a matter on which it has received adequate instruction," the court does not abuse its discretion by "refer[ing] the jury back to the written instructions" unless those instructions are inadequate or erroneous. *Ramirez*, 178 Ariz. at 126 (citation omitted).

¶13        Here, the court's decision to refuse to answer the question was within its discretion and therefore not in error. *See State v. Cheramie*, 217 Ariz. 212, 218–219 ¶ 21 (App. 2007); *see also State v. Adams*, 145 Ariz. 566, 570 (App. 1985) (noting it is "improper" to place information regarding possible punishment before a jury). Even if it had been in error, Albin has not shown the response would have resulted in a different jury verdict if the court had answered the question or otherwise created prejudice. *Escalante*, 245 Ariz. at 142 ¶ 21.

**CONCLUSION**

¶14        Albin's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV